NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IDAHO CONSERVATION LEAGUE, | No. 18-72684 |
| Petitioner, | |
| v. | MEMORANDUM* |
| U.S. ENVIRONMENTAL PROTECTION AGENCY; ANDREW WHEELER, in his official capacity as Administrator of the U.S. Environmental Protection Agency, | |
| Respondents, | |
| STATE OF IDAHO; et al., | |
| Intervenors, | |

On Petition for Review of an Order of the
Environmental Protection Agency

Argued and Submitted March 5, 2020
Portland, Oregon

Before: McKEOWN and PAEZ, Circuit Judges, and HUCK,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

Idaho Conservation League ("ICL") petitions for review of the United States Environmental Protection Agency's ("EPA") approval of the Idaho Pollution Discharge Elimination System ("IPDES"). The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 33 U.S.C. § 1369(b)(1)(D), and we grant the petition in part, deny it in part, and remand without vacatur in part.

ICL has associational standing to bring this challenge. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000); *Nat. Res. Def. Council v. EPA*, 542 F.3d 1235, 1248 (9th Cir. 2008).

EPA's conclusion that a two-year statute of limitations for bringing an enforcement action provided "adequate authority" to "abate violations of the permit or the permit program," 33 U.S.C. § 1342(b)(7), was not arbitrary and capricious. Nor did EPA err by concluding that the Idaho Department of Environmental Quality will have sole responsibility for administering the IPDES program, including the permits for concentrated animal feeding operations ("CAFO"). Therefore, we deny the petition with respect to ICL's challenges concerning the statute of limitations and the Idaho State Department of Agriculture's alleged role in administering CAFO permits.

However, EPA abused its discretion in approving a mens rea standard "greater than the burden of proof or degree of knowledge or intent EPA must

provide when it brings an action . . . ." 40 C.F.R. § 123.27(b)(2). Because § 123.27(b)(2) is neither ambiguous nor inconsistent with 40 C.F.R. § 123.27(a)(3)(ii), *Auer* deference is not warranted for EPA's interpretation of its own regulation. *See Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019). Regardless of the broad range of state law mens rea standards—spanning the lowest standard of "strict liability" to the highest standard of "criminal negligence"—that could satisfy § 123.27(a)(3)(ii), § 123.27(b)(2) provides a standalone requirement that was not satisfied here.

We have held that EPA may bring an enforcement action for "negligent" violation, *see* 33 U.S.C. § 1319(c)(1), under the ordinary negligence standard. *See United States v. Hanousek*, 176 F.3d 1116, 1121 (9th Cir. 1999). Thus, while a state program need not mirror the burden of proof and degree of knowledge or intent EPA must meet to bring an enforcement action, *see* Consolidated Permit Regulations, 45 Fed. Reg. 33,290, 33,382 (May 19, 1980), under § 123.27(b)(2), a state plan must employ a standard "no greater than" simple negligence, such as strict liability or simple negligence. Because EPA approved the IDPES even though it used a standard greater than simple negligence, "gross negligence," we grant the petition with respect to invocation of the improper mens rea standard.

We remand without vacatur for EPA to promptly address the IPDES's deficiency with respect to the mens rea standard, even though remand without

3

vacatur is appropriate only in "limited circumstances." *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 994 (9th Cir. 2012). Congress envisioned state and federal partnerships in achieving the goals of the CWA. *See* 33 U.S.C. § 1251(b); *Arkansas v. Oklahoma*, 503 U.S. 91, 101 (1992). We note that on remand, Idaho, one of the last states to create a state permit program, has the option to enter into that partnership in accordance with the CWA.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED WITHOUT VACATUR IN PART.**

Each party shall pay its own costs on appeal.